**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**STEVEN C. FUSTOLO, and STEVEN C. FUSTOLO, as Trustee of the Salem Street Estate Planning Trust,**

**Plaintiffs,**

**v.**

**SELECT PORTFOLIO SERVICING, INC. and FEDERAL HOME LOAN MORTGAGE CORP. as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2,**

**Defendants.**

**Case No. 26-cv-11538-DJC**

# MEMORANDUM AND ORDER

**CASPER, C.J.** **November 23, 2026**

## I. Introduction

Plaintiff Steven Fustolo, both in his individual capacity and in his capacity as trustee of the Salem Street Estate Planning Trust (the "Trust") ("Fustolo"), has filed this lawsuit against Defendants Select Portfolio Servicing, Inc. ("SPS"), the servicer of his mortgage, and Federal Home Loan Mortgage Corp. ("Freddie Mac"), as trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2, the purported holder of the mortgage and promissory note (collectively, "Defendants"), alleging (1) a violation of Mass. Gen. L. c. 244, § 35B ("Section 35B" or "§35B"), and seeking declaratory judgment as to same ("Count I"), (2) wrongful foreclosure ("Count II"), (3) a violation of Mass. Gen. L. c. 93A ("Chapter 93A")

("Count III"), (4) defamation ("Count IV") and (5) slander of title/injurious falsehood ("Count V"). D. 1-3; D. 15. Defendants have moved to dismiss all claims under Fed. R. Civ. P. 12(b)(6). D. 14. For the reasons stated below, the Court ALLOWS the motion, D. 14.

## II. Standard of Review

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must determine if the facts alleged "plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). Reading the complaint "as a whole," the Court conducts a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the complaint to distinguish the factual allegations from the conclusory legal allegations contained therein. Id. Factual allegations must be accepted as true, while legal conclusions are not entitled credit. Id. Second, the Court must determine whether the factual allegations support a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face." García-Catalán, 734 F.3d at 103 (citation omitted). "In determining whether a [pleading] crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" Id. (second alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

## III. Factual Allegations

The following facts are alleged in the complaint, D. 1-3 at 5-13; D. 15 at 1-14,[1] and taken as true for purposes of considering Defendants' motion to dismiss, D. 14.

The property at issue is 115 Salem Street, Unit 14, Boston, Massachusetts ("the Property"), D. 15 ¶ 1, which Fustolo acquired in December 2007, id. ¶ 9. In connection with the purchase, on January 10, 2008, Fustolo executed both a mortgage (the "Mortgage") and a promissory note in the amount of $238,500. Id. ¶¶ 10-11.

On March 10, 2020, Defendants executed a loan modification agreement with Fustolo, which modified the repayment terms of the Mortgage, effective January 1, 2020. Id. ¶¶ 15-16. On September 7, 2021, SPS sent Fustolo a notice informing him of his right to request a modified mortgage loan under Section 35B and included application materials for same. Id. ¶¶ 17-18. As alleged, this was the only notice that Defendants sent to Fustolo informing him of his right to request a modified mortgage loan under Section 35B. Id. ¶¶ 19-20.

After this Court dismissed earlier litigation concerning the Property in December 2024, allowing summary judgment for Defendants, see Fustolo v. Select Portfolio Servicing, Inc., No. 23-cv-10166-DJC, 2024 WL 5008880, at *3 (D. Mass. Dec. 6, 2024), appeal docketed, No. 25-1053 (1st Cir. Jan. 21, 2025), Defendants renewed their efforts to foreclose, D. 15 ¶ 22. Fustolo's current claims focus on Defendants' renewed foreclosure efforts beginning in 2025. Id. ¶ 30.

On July 15, 2025, Defendants initiated a Servicemembers Civil Relief Act (the "SCRA") proceeding in Land Court, id. ¶ 23, which resulted in an entry of judgment, id. ¶ 25. On August 21, 2025, Fustolo, in his individual capacity, executed a quitclaim deed conveying the Property to

[1] The complaint appears at both D. 1-3 and D. 15. To avoid duplicative citations to the record, the Court cites the latter document.

himself as trustee of the Trust. Id. ¶ 12. On September 17, 2025, Defendants recorded an affidavit as to their compliance with Section 35B with the Suffolk County Registry of Deeds. Id. ¶ 31. On December 2, 2025, SPS sent Fustolo a letter stating that the Mortgage had been referred for legal action. Id. ¶ 26.

Defendants scheduled a foreclosure sale of the Property on April 10, 2026 (the "foreclosure sale"), id. ¶ 27, and notified Fustolo as to same on March 5, 2026, id. ¶ 28. On March 9, 2026, Fustolo filed suit in Suffolk Superior Court to stop the foreclosure sale. Id. at 13-14. That action was removed to this Court on April 1, 2026. D. 1 at 4. Days later, on April 6, 2026, Fustolo filed an emergency motion for *lis pendens*. D. 4 at 1-9; D. 4-1 at 2. Ultimately, the sale was postponed, D. 9 at 1, and this Court denied Fustolo's motion for *lis pendens*, D. 13.

## IV. Procedural History

Defendants now have moved to dismiss. D. 14. The Court heard the parties on the pending motion and took the matter under advisement. D. 20.

## V. Discussion

### A. Section 35B Protections Do Not Apply (Counts I and II)

Fustolo alleges that Defendants violated Section 35B by failing to provide an updated "modification notice" prior to the 2026 foreclosure proceedings, such that Defendants lack authority to foreclose on the Property. D. 15 ¶¶ 34-37, 40. Section 35B provides that "[a] creditor shall not cause publication of notice[2] of a foreclosure sale . . . upon certain mortgage loans unless

---

[2] As to notice, Section 35B provides:

> [F]or certain mortgage loans, the creditor shall send notice, concurrently with the notice required by subsection (g) of section 35A, of the borrower's rights to pursue a modified mortgage loan . . . Not more than 30 days following delivery of the notice as provided for in this subsection, a borrower who holds a certain mortgage loan shall notify a creditor of: (i) the borrower's intent to pursue a modified

it has first taken reasonable steps and made a good faith effort to avoid foreclosure." Mass. Gen. L. c. 244, § 35B(b). Relevant here, a certain mortgage loan is defined as "a loan to a natural person . . . secured wholly or partially by a mortgage on an owner-occupied residential property." Id. § 35B(a). Residential property is "real property located in the commonwealth . . . occupied, or to be occupied, in whole or in part by the obligor on the mortgage debt; provided, however, that residential property shall be limited to the principal residence of a person," and "shall not include an investment property or residence other than a primary residence," id.

Under this framework, Defendants argue that, because Section 35B only applies to mortgages for "owner-occupied residential propert[ies]," id. § 35(a), and, because the Property is not and has not been Fustolo's primary residence, the Mortgage does not fall within the ambit of Section 35B as a matter of law, D. 14 at 4-5. Fustolo does not contest that the Property is not his primary residence. D. 18 at 3-5. He instead argues that, because he initially intended to combine the Property with an adjacent unit and to occupy the resulting premises, the Property was "to be occupied" for purposes of § 35B(a) on purchase and, therefore, constituted a "residential property" under same. Id. (internal quotation marks omitted) (quoting Mass. Gen. L. c. 244, § 35B(a)). Such argument fails. First, even as alleged, D. 15 ¶¶ 1-54, the Property was not Fustolo's primary

> mortgage loan which shall include a statement of the borrower's income and a complete list of total debts and obligations, as requested by the creditor, at the time of receipt of the notice; (ii) the borrower's intent to pursue an alternative to foreclosure, including a short sale or deed-in-lieu of foreclosure; (iii) the borrower's intent not to pursue a modified mortgage loan and pursue the right to cure period described in section 35A; or (iv) the borrower's intent to waive the right to cure period and proceed to foreclosure. A borrower who holds a certain mortgage loan and fails to respond to the creditor within 30 days of delivery of the notice provided for in this subsection shall be considered to have forfeited the right to cure period and shall be subject to a right to cure period of 90 days.

Id. § 35B(c).

residence at any critical time in the foreclosure sale process, but that he instead has been living in Winchester, see, e.g., D. 14-2 at 2 (court docket); D. 14-3 at 9-11 (2013 execution notice); D. 14-4 at 2 (2014 bankruptcy schedule); see Tak Lo v. JPMorgan Chase Bank, N.A., No. 15-cv-40165-FDS, 2016 WL 3017383, at *7 (D. Mass. May 24, 2016) (dismissing Section 35B claim where owner "did not occupy the foreclosed property at the time of foreclosure"); see also Mass. Gen. L. c. 244, § 35B(a) (providing that "residential property shall be limited to the principal residence of a person"). Second, in 2013, Fustolo scheduled the Property as a rental property, D. 14-4 at 2, and Section 35B provides that a "residential property shall not include . . . an investment property or residence other than a primary residence," Mass. Gen. L. c. 244, § 35B(a); see McMann v. Selene Fin. LP for Wilmington Sav. Fund Soc'y, FSB, 332 F. Supp. 3d 481, 484-85 (D. Mass. 2018) (allowing dismissal where plaintiffs "d[id] not currently reside at the Property and did not occupy the foreclosed property at the time of foreclosure[, t]he complaint list[ed] their place of residence [elsewhere, and the property] was not the listed residence on plaintiffs' [prior] bankruptcy petitions"). In light of the foregoing, the Property is not a "residential property" for purposes of Section 35B. See DaSilva v. Deutsche Bank Nat'l Tr. Co., No. 19-cv-12392-NMG, 2020 WL 2329179, at *3 (D. Mass. May 8, 2020) (dismissing Section 35B claim where plaintiff "failed to allege that the Property constitute[d] residential property").[3,4]

---

[3] In his reply, D. 21, Fustolo attempts to distinguish Dalmar v. Aspen Props. Grp., LLC as Tr. of APG Holdings Receivable Tr., No. 23-misc-000242-LER, 2025 WL 1529797, at *12 (Mass. Land Ct. May 28, 2025), McMann and Shea v. Bank of New York Mellon, 101 Mass. App. Ct. 1104 (2022) (unpublished disposition), in part, for failing to consider the issue of an owner's intent later to occupy a property at the time of purchase. D. 21 at 3. In light of the foregoing analysis, however, such arguments fail.

[4] Because Mass. Gen. L. c. 244, § 35A ("Section 35A") provides the same definition of "residential property" as Section 35B, id. (providing that residential property "shall be limited to the principal residence of a person" and "shall not include an investment property or residence other than a primary residence"); see DaSilva, 2020 WL 2329179, at *3 (stating that "Sections

To the extent that Fustolo argues that Defendants' conduct—namely, Defendants' recording of an affidavit certifying compliance with the requirements of Section 35B, D. 15 ¶¶ 31-32—means that the Mortgage is entitled to the protections of Section 35B, D. 18 at 4-5, the Court disagrees. Recent Massachusetts precedent, Dalmar, 2025 WL 1529797, at *12, is instructive here. In Dalmar, the Land Court considered plaintiff's argument that the defendant "assumed the responsibilities and obligations imposed by § 35B" by "openly adhering to the requirements of § 35B." Id. The Land Court reasoned that the mortgage was not a "'certain mortgage loan' [for purposes of Section 35B] because [plaintiff] did not occupy the property as his residence, a fact he admits," such that the defendant had "no legal duty" to provide the protections afforded by Section 35B, regardless of its earlier "good faith" efforts to comport with same. Id. So too here, Defendants' partial compliance with Section 35B in their recording of the affidavit, D. 15 ¶¶ 31-32, does not alter the fact that the Mortgage is not a "certain mortgage loan" and, therefore, does not fall within the bounds of Section 35B, Dalmar, 2025 WL 1529797, at *12; see Shea, 101 Mass. App. Ct. 1104 (concluding similarly). In sum, Defendants' conduct does not require the application of Section 35B.

In light of the foregoing, as alleged, the Property is not a "residential property" for purposes of Section 35B, such that the Mortgage does not fall within the ambit of same.[5] The Court,

---

35A and 35B apply only to mortgagors of 'residential property'"), the foregoing analysis also resolves the parties' arguments under Section 35A, D. 14 at 5, 7-9; D. 18 at 2, 6-8, 10-11.

[5] Because the Mortgage does not fall within the scope of Section 35B, the Court need not reach the arguments as to whether Section 35B requires strict compliance with its notice requirements and the required timing of such notice, D. 14 at 7-9; D. 18 at 5-12; see Sullivan v. Bank of New York Mellon Corp., 91 F. Supp. 3d 154, 169 n. 11 (D. Mass. 2015) (declining to address additional arguments under Section 35B after concluding such claim fails on different ground).

therefore, allows the motion, D. 14, as to Counts I and II (both of which rely upon a violation of Section 35B for liability).

**B. Fustolo's Chapter 93A Claim Also Fails (Count III)**

Defendants contend that Fustolo has failed to plausibly allege that either Defendant engaged in "unfair or deceptive acts or practices" under Chapter 93A. D. 14 at 9. "To prevail on a Chapter 93A claim in court, a plaintiff must demonstrate: [1] a deceptive act or practice on the part of the defendant, [2] an injury or loss suffered by the plaintiff and [3] a causal connection between the defendant's deceptive act or practice and the plaintiff's injury." Dworman v. PHH Mortg. Servs., 775 F. Supp. 3d 546, 562 (D. Mass. 2025) (internal quotation marks and citation omitted).

Insofar as Fustolo's Chapter 93A claim is premised on his Section 35B claims, D. 15 ¶¶ 43-46 (alleging that Defendants "fail[ed] to comply with the statutory requirements governing foreclosure under [Section 35B]" and recorded "the Section 35B Affidavit" knowing that same was "false or misleading"), the Court agrees with Defendants, D. 14 at 9-10, that such claim fails, see Shea, 101 Mass. App. Ct. 1104 (concluding that "[t]o the extent the c. 93A claim rests on the alleged failure to comply with the provisions of § 35B, it was properly dismissed for the same reasons we have set out above"); Orozco v. NewRez, LLC, No. 19-cv-12444-PBS, 2021 WL 11645691, at *8 (D. Mass. June 9, 2021) (reasoning that plaintiff's "attempt to base his Chapter 93A claim upon violations of § 35B must fail, because the defendants did not violate § 35B").

To the extent that Fustolo seeks Chapter 93A liability against Defendants on grounds distinct from his Section 35B claims, he makes no factual allegations in the complaint regarding same, D. 15 ¶¶ 41-46, and "[i]t is not enough in the context of Chapter 93A for [a plaintiff] to allege that defendants foreclosed on [his] property in violation of Massachusetts foreclosure law,"

Juárez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 281 (1st Cir. 2013). Rather, "[s]omething more is required . . . to establish that the violation has an extortionate quality that gives it the rancid flavor[s] of unfairness [and deceptiveness]" under Chapter 93A. Juarez, 708 F.3d at 281 (internal quotation marks and citation omitted) and Fustolo has not alleged a plausible basis for his Chapter 93A claim.[6]

In light of the foregoing, the Court ALLOWS the motion as to Count III.

**C. Fustolo's Defamation Claim Fails (Count IV)**

Defendants argue that Fustolo has failed to allege any actionable false and defamatory statements, such that his defamation claim fails. D. 14 at 10-11. "To establish a defamation claim under Massachusetts law, four elements are required:" (1) that the defendant made a statement about the plaintiff to a third party, (2) that the statement was defamatory, i.e., it could damage the plaintiff's reputation in the community, (3) that the defendant was at fault for making such statement and (4) that the statement either caused economic loss or is actionable without proof of same. Shay v. Walters, 702 F.3d 76, 81 (1st Cir. 2012); see Orkin v. Albert, 162 F.4th 1, 13 (1st Cir. 2025) (providing same).

Insofar as Fustolo's defamation claim is derivative of his Section 35B claims, D. 15 ¶ 48 (alleging that "Defendants made false statements asserting that they were entitled to enforce the Mortgage and foreclose"); id. ¶¶ 49-50; D. 18 at 13-14, such claim fails in light of the prior Section 35B analysis, see Fustolo v. Select Portfolio Servicing, Inc., 123 F.4th 528, 533 (1st Cir. 2024)

---

[6] Against this conclusion, Fustolo cites Kattar v. Demoulas, 433 Mass. 1, 13 (2000), for the proposition that "where foreclosure of a mortgage, even on an actual default, is conducted in bad faith to the detriment of the mortgagor, an action will lie," D. 18 at 13 (internal quotation marks omitted) (quoting Kattar, 433 Mass. at 13). Such argument, however, is premised on much the same factual allegations as his Section 35B claims, D. 18 at 13, and, in light of the above analysis as to Section 35B, does not suffice to plead a Chapter 93A claim here.

(affirming dismissal of defamation claim which "feature[d] as a key allegation" that defendants lacked the right to foreclose, and where the lower court had "correctly determined" that defendants had such right).

To the extent that Fustolo attempts to assert a defamation claim distinct from his Section 35B claims, D. 15 ¶¶ 47-50, because Fustolo has not sufficiently alleged the defamatory nature of Defendants' statements, Fustolo v. Select Portfolio Servicing, Inc., No. 23-cv-10166-DJC, 2023 WL 7496792, at *8 (D. Mass. Nov. 13, 2023), such claim also fails. Fustolo's mere allegation that Defendants were not entitled to foreclose on the Property, D. 15 ¶ 48, without supporting allegations that, e.g., Fustolo was making timely payments on same, "could not reasonably subject Fustolo to economic loss or rise to the level of subjecting him to contempt, hatred, scorn or tend to harm his standing in the community." Id. (internal quotation marks and citation omitted).

In light of the foregoing, the Court allows the motion to dismiss as to Count IV.

**D. Slander of Title/Injurious Falsehood (Count V)**

Defendants next argue that Fustolo's slander of title claim fails because he fails to either identify a false statement impacting title to the Property or to allege facts going to malice. D. 14 at 11-12. "The term slander of title is defined as a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, causing him injury." Rosa v. Mortg. Elec. Sys., Inc., 821 F. Supp. 2d 423, 434 (D. Mass. 2011) (internal quotation marks and citation omitted). To assert a claim, a plaintiff "must show that the statements made were false or that the publisher of the statement acted in reckless disregard of the truth in publishing the statement and that the publication of the statement resulted in a pecuniary loss to the claimant." Id.

Insofar as Fustolo's slander of title claim is derivative of his Section 35B claims, D. 15 ¶¶ 52-54 (alleging that "Section 35B Affidavit" was "false" and "clouded title"), it also fails because his Section 35B claims fail, see Dyer v. U.S. Bank, N.A., 141 F. Supp. 3d 149, 158 (D. Mass. 2015) (determining that plaintiff's slander of title claim failed as matter of law where it was "wholly derivative" of failed claim of noncompliance under Mass. Gen. L. c. 244, § 14 (internal quotation marks omitted)), and aff'd sub nom. Dyer v. Wells Fargo Bank, N.A., 956 F.3d 62 (1st Cir. 2020).

To the extent that Fustolo separately asserts slander of title based on Defendants' public statements in connection with the foreclosure, D. 15 ¶¶ 52-54, the Court agrees with Defendants, D. 14 at 11, that such claim fails because, in light of the foregoing, "there are no plausible factual allegations that Defendant[s] published a false statement," in asserting their right to foreclose. Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25, 38 (D. Mass. 2014); see Johnson v. Wilmington Tr., N.A., No. 16-cv-10422-IT, 2016 WL 5109510, at *5 (D. Mass. Sept. 20, 2016) (dismissing slander of title claim where defendant recording ownership of property not false statement).

Accordingly, the Court ALLOWS the motion as to Count V.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss, D. 14, as to all counts with prejudice.

**So Ordered.**

/s Denise J. Casper
Chief United States District Judge